UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHOLAS BABICE,

    Plaintiff,

v.                          Case No. 8:18-cv-2211-T-33JSS

BUILDING AIR SERVICES, INC.,

    Defendant.

_____/

**ORDER**

This cause is before the Court sua sponte. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." <u>Fitzgerald v. Seaboard Sys. R.R., Inc.</u>, 760 F.2d 1249, 1251 (11th Cir. 1985); <u>Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale</u>, 922 F.2d 756, 759 (11th Cir. 1991)("Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based.").

Moreover, federal courts are courts of limited jurisdiction. <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994). And "because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt

about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

**Diversity Jurisdiction**

It is well settled that "for federal diversity jurisdiction to attach, all parties must be completely diverse and the amount in controversy must exceed $75,000." Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010). Here, the Complaint alleges this is an action for damages "in excess of $75,000.00." (Doc. # 1 at ¶ 1). However, the parties' citizenship is not clear based on the Complaint. The Complaint alleges that Plaintiff is a "resident" of New Jersey. However, as explained in Molinos Valle Del Cibao, C. por A. v. Lama, 63 F. 3d 1330, 1342 n.12 (11th Cir. 2011), a complaint must allege citizenship, not residence, to establish diversity for a natural person.

And, the Complaint names Building Air Services, Inc., a Florida corporation, as a Defendant, but does not allege its principal place of business. A corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Accordingly, the Court directs Plaintiff to file an Amended Complaint containing appropriate jurisdictional allegations by October 4, 2018. Failure to do so will result

in the entry of an Order dismissing this case for lack of jurisdiction. See Travaglio v. Am. Express Co., 735 F.3d 1266, 1268 (11th Cir. 2013)("When a plaintiff files suit in federal court, she must allege facts that, if true, show federal subject matter jurisdiction over her case exists. Those allegations, when federal jurisdiction is invoked based on diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. . . . Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff is directed to file an Amended Complaint containing appropriate jurisdictional allegations, consistent with the foregoing, by **October 4, 2018.** Failure to do so will result in the entry of an Order dismissing this case for lack of jurisdiction.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of September, 2018.

/s/ _Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE